IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE BATISTA, :
:
    Plaintiff :
: CIVIL NO. 1:CV-15-1805
    vs. :
: (Judge Caldwell)
J. A. ECKARD, *et al.*, :
:
    Defendants :

*M E M O R A N D U M*

      Jose Batista, an inmate at SCI-Huntingdon, initiated this action on September 11, 2015, alleging that medical and correctional staff at the facility were deliberately indifferent to his serious medical needs. The medical defendants have filed a motion to dismiss the Complaint against them. (Doc. 47). The corrections defendants have filed an Answer to the Complaint.

      Presently we are considering Plaintiff's motion for appointment of counsel based on his indigent status, limited access to the law library, lack of legal training and the perceived complexities of this case. (Doc. 72). Batista's own efforts to obtain a lawyer have been fruitless.

      This is a civil action, not a criminal one. Hence the plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an

indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted). If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10.  However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Based on the our review of Batista's submissions to date, including his Complaint, and brief in opposition to the medical defendants' motion to dismiss, it is clear that he can adequate communicate with the court and defense counsel.  He can articulate his ideas and concerns and present them to the court and defense counsels.  His filings are clearly worded and present logical concise arguments.  To the extent that Batista's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this court's liberal construction of *pro se* pleadings.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  There is no evidence, at this early point in the litigation, that any prejudice will befall Batista in the absence of court-appointed counsel.  Consequently, at this time Batista's request for counsel will be denied.

An appropriate order follows.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date:  August 16, 2016