IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSÉ BATISTA,

    Plaintiff

vs.

J. A. ECKARD, *et al.*,

    Defendants

CIVIL NO. 1:CV-15-1805

(Judge Caldwell)

## *M E M O R A N D U M*

I.   *Introduction*

José Batista, a state prisoner, filed a pro se complaint against prison officials and medical staff, asserting that the defendants were deliberately indifferent to his serious medical needs and that he received a retaliatory misconduct after filing a grievance concerning his medical care.[1]

Shortly after filing his Complaint, he filed a motion for preliminary injunction, (Docs. 33-35), which we are now considering. He claims he is likely to succeed on the merits of his Complaint based on his allegations. He further alleges that he will suffer irreparable harm, namely serious physical injury, if the defendants are not ordered to cease interference with his medical care. The Defendants have opposed the motion. (Docs. 54 and 75).

---

[1] Recently we granted the Medical Defendants' motion to dismiss the complaint against them due to Batista's failure to exhaust his available administrative remedies as to the claims raised against them.

II.  *Standard of Review*

A district court will only grant a preliminary injunction if the moving party produces evidence sufficient to convince the court that: (1) there is a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief.  *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102 (3d Cir. 2010); *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987).

Without a showing of "immediate irreparable injury, which is more than serious or substantial harm," a court may not grant preliminary injunctive relief.  *ECRI*, 809 F.2d at 226.  The claimed injury cannot merely be possible, speculative or remote.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101 02, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) (The moving party must show that "he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury must be both real and immediate not conjectural or hypothetical.")(internal quotation marks omitted).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief[.]"  *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S.Ct. 669, 676, 38 L.Ed.2d 674 (1974).

"In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm."

-2-

*Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir.1989) (emphasis added).

Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Corr. Med. Servs., Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008)(nonprecedential)(citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)); *see also* 18 U.S.C. § 3626(a)(2). The Supreme Court has observed that a preliminary injunction motion must seek relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220, 65 S.Ct. 1130, 1134, 89 L.Ed. 1566 (1945); *see also Jones v. Sec'y Pa. Dep't of Corr.*, 589 F. App'x 591 (3d Cir. 2014)(nonprecedential). A court may not enjoin conduct relating to "a matter lying wholly outside the issues in the suit." *Id.*

III.    *Discussion*

In light of the above authority, it is clear that Batista is not entitled to injunctive relief. First, Batista does not identify what medical condition he is currently being treated for and what defendants are doing on an ongoing and immediate basis that would necessitate injunctive relief. In his Complaint, Batista alleges that Sgt. Williams interfered with his prescribed breathing treatments for his bronchitis condition on two specific dates, June 16 and 17. However, he also alleged that he continued to receive treatment for his bronchitis "until probably the last week of August of 2015, that was when [he] finally started feeling much better physically, emotionally, mentally, and spiritually." (Doc. 1, ¶ 30). Without further identification of his ongoing medical needs, needs which are being ignored

by medical staff, or a prescribed treatment that is being interfered with by prison staff, there is no basis to grant a blanket prophylactic injunction to protect Batista from unspecified speculative harm.  Further, we lack the specific information needed to tailor such an order. Batista has not demonstrated that he is subject to irreparable harm without our issuance of injunctive relief.  His motion will be denied.

        An appropriate order follows.

                                      /s/ William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge

Date:  August 30, 2016