IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSÉ BATISTA, | : |
| Plaintiff | : |
| | : CIVIL NO. 1:CV-15-1805 |
| vs. | : |
| | : (Judge Caldwell) |
| J. A. ECKARD, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff, Jose Batista, has filed a Motion to Compel responses to his July 31, 2016, request for production of documents. (ECF No. 88). Batista asserts that Defendant Granlund never responded to his first request for production of documents. (ECF No. 76). Batista did not brief his motion, and Defendant Granlund did not respond to it. For the reasons that follow, the motion will be deemed withdrawn.

II.  *Background and Procedural History*

In his Complaint, Batista alleges SCI-Huntingdon Defendants (Supt. Eckard; Unit Manager Granlund and Sgt. Williams) interfered with his access to prescribed medical care and that Sgt. Williams issued him a retaliatory misconduct. (ECF No. 1). On August 30, 2016, we granted the motion of the contract medical care defendants (Dr. Kollman, PA Gomes and PA McConnel) to dismiss based on Batista's failure to exhaust his administrative remedies on his Eighth Amendment claim. The same day we entered a

scheduling order calling for the close of discovery by February 28, 2017, and the filing of dispositive motions on March 29, 2017.  (ECF No. 87).

On July 31, 2016, Batista filed a motion to obtain funding for photocopying costs associated with the document requests he submitted at the same time as his motion. The certificate of service attached to both requests reflect that they were filed with the court in connection with Batista's motion to obtain photocopying funding relative to his discovery requests.  (ECF No. 76, p. 6 and ECF No. 78, ECF p. 5).  We denied the photocopying motion on August 16, 2016.  (ECF No. 82).

On September 8, 2016, Batista filed copies of his first set of interrogatories addressed to Defendants Granlund, Willams and Eckard.  Batista filed a copy of his second request for production of documents on October 13, 2016.  *See* ECF Nos. 89-92.  The certificate of service for each request represents that each was served on defense counsel.

As noted, presently before the court is Batista's motion to compel Defendant Granlund to respond to his first request for production of documents from Granlund.  *See* ECF No. 88 and 76.

III.   *Discussion*

Preliminarily, we observe that Batista filed his recent discovery requests (ECF Nos. 89 through 92) with the court.  However, under Fed. R. Civ. P. 5(d)(1) and Pennsylvania Middle District Local Rule 5.4, discovery requests are not to be filed with the court *unless* they are filed in connection with a discovery dispute or other motion.

Accordingly, the Clerk of Court will be directed to strike ECF Nos. 89 through 92 from the docket and return them to Batista.

We turn to Batista's motion to compel Unit Manager Granlund's responses to his first request for production of documents (ECF No. 76). Batista has not briefed this motion as required by Local Rule 7.5. Batista's failure to file a brief in support of his motion within fourteen days after filing the motion means that it is deemed withdrawn, absolving Defendants from any obligation to respond to it. *See* M.D. Pa. Local Rule 7.5.

Nonetheless, even if we did not deem the motion withdrawn due to Batista's failure to file a supporting brief, there are no allegations in the motion showing that Defendants were ever properly served with the discovery request. The certificate of service attached to the request notes that it was filed with the court in connection with Batista's motion to obtain funding for photocopies of documents that he expected would be produced in connection with his discovery request. In his motion to compel, Batista also makes this distinction. Batista claims that "since the date July 31, 2016 in which plaintiff have (sic) properly served upon all named Defendants with copies of "Plaintiff (sic) Motion Requesting Production of Documents." *See* ECF No. 88, p. 2. The filing of the discovery request simultaneously with his motion to compel does not suggest that the discovery request itself was ever properly served on Defendant Granlund. Because Batista filed the discovery request with his motion for copying costs, it is unclear whether he had, or would, actually serve the discovery if financial assistance was not granted. Regardless, the filing of the

discovery request with his motion for copying costs is not proper service of the discovery request itself.

Batista's motion to compel will be denied due to his failure to file a supporting brief as required by Local Rule 7.5.  Alternatively, it will be denied due to his failure to demonstrate proper service of his discovery request on Defendant Granlund.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  October 25, 2016